UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------
KIMBERLEY MORGAN a/k/a
KIMBERLY D. CIANO,

                Plaintiff,

vs.

RAGAN & RAGAN, P.C.,
ZWICKER & ASSOCIATES, P.C., &
DISCOVER FINANCIAL SERVICES,

                Defendants.
-------------------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff KIMBERLEY MORGAN a/k/a KIMBERLEY D. CIANO ("Plaintiff"), by and through her attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for her Complaint against the Defendants RAGAN & RAGAN, P.C., ZWICKER & ASSOCIATES, P.C., & DISCOVER FINANCIAL SERVICES (collectively herein, "Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

1. Plaintiff brings this action on her own behalf for monetary damages arising from the Defendants' violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff is a resident of the State of New Jersey, residing in Bellmawr, NJ.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant RAGAN & RAGAN, P.C. ("RAGAN") is a New Jersey professional

corporation engaged in business of collecting debts with its principal place of business located at 3100 Route 138 West, Brinley Plaza, Building One, Wall, NJ 07719.

5. Defendant ZWICKER & ASSOCIATES, P.C. ("ZWICKER") is a Massachusetts professional corporation engaged in business of collecting debts with its principal place of business located at 80 Minuteman Rd., Andover, MA 01810-1008. ZWICKER also maintains an office location in Voorhees, NJ.

6. Defendant DISCOVER FINANCIAL SERVICES ("DISCOVER") is a Delaware business entity engaged in interstate commerce nationally throughout the United States and including New Jersey with its principal offices located at 2500 Lake Cook Road, Riverwoods, IL 60015.

7. Defendants are "debt collectors" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

9. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) & (2).

## FACTUAL ALLEGATIONS

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. On information and belief, on a date better known to the Defendants, DISCOVER FINANCIAL SERVICES aka Discover Bank, either directly or through intermediate transactions assigned, placed, transferred, or sold a consumer debt to RAGAN for collection ("the alleged debt").

13. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

14. Upon information and belief, at some time during the past one year prior to the filing of this action, Defendants began its attempts at collecting the alleged debt from Plaintiff.

15. On or about August 27, 2008, Defendant filed a lawsuit against Plaintiff in New Jersey Special Civil Part, Camden County titled Discover Bank v. Kimberley Ciano, Docket No. DC-017623-08 ("state action").

16. Plaintiff was never served with summons and complaint in the state action.

17. Defendant RAGAN admitted to serving an obsolete address despite Plaintiff using an updated address on her taxes and having her address updated with the NJ DMV by the time the state action was commenced.

18. Defendant RAGAN threatened Plaintiff more than once that a judgment would be entered against her if the alleged debt was not resolved.

19. On or about January 25, 2012, Plaintiff through her legal counsel sent Defendant RAGAN a complaint alleging violations of the FDCPA by RAGAN and further sought to attempt to resolve the alleged debt without the need for litigation and without admitting or denying liability or waiving any rights as to the alleged debt.

20. As of this date, Plaintiff has not received or seen a copy of the summons and complaint in the state action.

21. Plaintiff and Defendants RAGAN and DISCOVER entered into a Stipulation of Settlement on the alleged debt in the state action.

22. Defendants RAGAN and DISCOVER agreed to allow Plaintiff sixty (60) months to pay off the amount of $6,134.70, which is $102.25 per month.

23. Defendant RAGAN signed the Stipulation of Settlement as attorney, representative and/or agent for, by and on behalf of Defendant DISCOVER.

24. The Stipulation of Settlement states "WE HEREBY consent to the terms of the within settlement"

25. By signing the Stipulation of Settlement, Defendants RAGAN and DISCOVER agreed to adhere to the terms contained therein.

26. On April 5, 2012, the Stipulation of Settlement was fully executed by Plaintiff and W. Peter Ragan Sr. for, by and on behalf of Defendants RAGAN and DISCOVER.

27. Thereafter, from April 2012 through March 2013, Plaintiff upheld her end of the bargain by making payments of $102.25 monthly via electronic payment on Defendant RAGAN's website.

28. No payments were rejected or otherwise returned or refused by Defendant RAGAN.

29. On or about March 7, 2013, Plaintiff received notice from Defendant ZWICKER that they had obtained a judgment against her on behalf of Defendant DISCOVER and that the alleged debt had been transferred from RAGAN to ZWICKER.

30. The documents that Plaintiff received from Defendant ZWICKER are dated and stamped "filed Sep 19, 2012".

31. On or about October 18, 2012, Defendants ZWICKER and DISCOVER obtained a default judgment against Plaintiff.

32. On or about October 18, 2012, Defendants ZWICKER and DISCOVER obtained a default judgment against Plaintiff despite the fact that Plaintiff had been in compliance with the Stipulation of Settlement on file with the New Jersey Special Civil Part for the state action.

33. Defendant ZWICKER's actions and inactions in waiting until about March 7, 2013 to mail said notice to Plaintiff dated September 19, 2012 caused Plaintiff great prejudice and harm in the state action.

34. By the time the default judgment was obtained on October 18, 2012, Plaintiff had made eight (8) payments to Defendants RAGAN and ZWICKER totaling approximately $818.00.

35. Defendants ZWICKER and DISCOVER obtained a judgment in the amount of $5,941.27 plus costs of $57.00.

36. Given that Plaintiff adhered to her end of the Stipulation of Settlement, Defendants ZWICKER and DISCOVER should not have entered judgment by default against her.

37. In addition to the invalidity of the default judgment, the judgment amount is false as it does not credit Plaintiff for approximately $818.00 in payments on the balance of $6,134.70 at the time judgment was entered.

38. Defendants ZWICKER and DISCOVER knew or should have known about the Stipulation of Settlement as said document was filed with the New Jersey Special Civil Part for the state action and payments were actively being made by Plaintiff to Defendants RAGAN and DISCOVER pursuant to said Stipulation.

39. On or about March 7, 2013, Plaintiff attempted to contact Defendant ZWICKER but no one answered and as a result Plaintiff was compelled to leave a voice mail message that went unreturned.

40. On or about March 14, 2013, Plaintiff attempted to speak to Defendant ZWICKER through its agents "Richard", "Lisa Jacobs" and "Jennifer Toyer".

41. Defendant ZWICKER stated the balance due on the alleged debt was $6,001.18.

42. Plaintiff explained to Defendant ZWICKER that Plaintiff had been making payments to DISCOVER through RAGAN's website as agreed between them.

43. Defendant ZWICKER claimed only that they could not give Plaintiff any information.

44. Later that day, Plaintiff contacted Defendant again and spoke with its alleged manager "Michelle Bowen".

45. Plaintiff again explained to Defendant ZWICKER that Plaintiff had been making payments to DISCOVER through RAGAN's website as agreed between them.

46. Plaintiff asked Defendant ZWICKER to remove the judgment against her.

47. Defendant claimed they would look into it and get back to Plaintiff.

48. On or about March 18, 2013, Plaintiff still had not heard back from Defendant ZWICKER and thereafter attempted to contact "Michelle Bowen".

49. On or about March 21, 2013, Defendant ZWICKER advised Plaintiff that they needed until the following Thursday to investigate.

50. On or about March 21, 2013 at approximately 8:27PM, Plaintiff received a telephone call from Defendant ZWICKER through its agent "Tammy Hardy".

51. Defendant ZWICKER and "Tammy Hardy", for, by and on behalf of Defendant DISCOVER, told Plaintiff that she owed the alleged debt and demanded that Plaintiff explain how she was going to resolve it.

52. Plaintiff again explained to Defendant ZWICKER and "Tammy Hardy" that Plaintiff had been making payments to DISCOVER through RAGAN's website as agreed between them and that ZWICKER's agents "Jennifer" and "Michelle" were investigating.

53. Defendant ZWICKER and "Tammy Hardy" claimed that the screen didn't show that and that Plaintiff needed to resolve her debt.

54. Defendant ZWICKER and "Tammy Hardy" took a rude tone with Plaintiff upon finally scrolling upon its own notes about Plaintiff's issues and problems with the alleged debt and the state action.

55. Defendant ZWICKER and "Tammy Hardy" disagreed with Plaintiff and did not care.

56. Plaintiff expressed to Defendant ZWICKER and "Tammy Hardy" that she was rude and further that she was frustrated that she (Defendant) did not even bother to read Plaintiff's file before calling.

57. Defendant ZWICKER and "Tammy Hardy" were dismissive and made excuses claiming that Plaintiff's "name came up with a past due debt".

58. On or about March 19, 2013, Defendant RAGAN, on its own behalf and on behalf of Defendant DISCOVER, mailed to Plaintiff a letter wherein both Defendants stated that Plaintiff's monthly payments would no longer be accepted.

59. Defendants RAGAN and DISCOVER advised Plaintiff to contact Defendant ZWICKER for further information.

60. Defendant ZWICKER has chosen to not honor the Stipulation of Settlement despite being without cause or present right to unilaterally act against Plaintiff under said stipulation.

61. Defendants RAGAN and DISCOVER have chosen to not honor the Stipulation of Settlement and to breach its contract with Plaintiff through no fault or cause of her own.

62. Defendants RAGAN and DISCOVER have chosen to not honor the Stipulation of Settlement and to breach its contract with Plaintiff despite receiving the agreed upon monthly payments.

63. Prior to and at the time of entry of the default judgment, Defendant ZWICKER and DISCOVER knew or should have known payments were being made by Plaintiff as agreed as DISCOVER was presumably paid via RAGAN.

64. Defendants ZWICKER and DISCOVER failed to notify Plaintiff that they sought to obtain a default judgment against her.

65. Plaintiff settled with Defendants RAGAN and DISCOVER in lieu of litigation and risking a judgment against her.

66. Despite Plaintiff's efforts, Plaintiff had a judgment entered against her anyway that she only became aware of in March 2013.

67. According to facts and allegations as they have been discovered to date, it is apparent that Plaintiff, from September 2012 through March 2013, has been erroneously making payments to Defendant RAGAN for, by and on behalf of Defendant DISCOVER.

68. As of this date, Plaintiff does not know the whereabouts of said payments as Plaintiff was under the impression that said payments were being accepted by Defendants RAGAN and DISCOVER pursuant to the Stipulation of Settlement when in fact that is false.

69. On information and belief, Defendant RAGAN is in possession of money belonging to Plaintiff that they are not legally entitled to have.

70. Alternatively, on information and belief, Defendant RAGAN is in possession of money paid by Plaintiff to RAGAN as agent for, by and on behalf of Defendant DISCOVER and said money has not been remitted to Defendants ZWICKER or DISCOVER.

71. On information and belief, Defendant RAGAN is wrongfully possessing money/property belonging to Plaintiff that RAGAN must return.

72. Defendant ZWICKER never provided Plaintiff with a § 1692g notice.

73. On information and belief, Defendant DISCOVER maintains control, oversight, contact and decision making authority with and over Defendants RAGAN and ZWICKER as it relates to the alleged debt and the state action.

74. Given that Defendant DISCOVER is a Plaintiff in the state action and also maintains control, oversight, contact and decision making authority with and over Defendants RAGAN and ZWICKER, Defendant DISCOVER knew or should have known that the alleged debt was being paid and that judgment was not to be obtained.

75. On information and belief, as attorneys at law, Defendants RAGAN and ZWICKER are without authority to act by, for and on behalf of Defendant DISCOVER without DISCOVER having knowledge of the facts and circumstances of said action and without DISCOVER providing consent to one or both attorneys to act.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT
### AGAINST ALL DEFENDANTS

76. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "75" herein with the same force and effect as if the same were set forth at length herein.

77. Defendants' debt collection attempts attempted and/or directed towards the Plaintiff

violate various provisions of the FDCPA, including but not limited to the following:

    a.    15 U.S.C. §1692d-preface.

    b.    15 U.S.C. §1692e-preface, (2), (5), (6), (7), (8), and (10).

    c.    15 U.S.C. §1692f-preface & (1).

    d.    15 U.S.C. §1692g(a).

78. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
## AGAINST RAGAN & DISCOVER

79. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "78" herein with the same force and effect as if the same were set forth at length herein.

80. By the acts, practices and omissions described above, Defendants RAGAN and DISCOVER breached its written agreement with Plaintiff, to which Plaintiff was a party.

81. As a result of that contract breach, Plaintiff was damaged and is entitled to damages, attorney's fees and costs.

## THIRD CAUSE OF ACTION
## ABUSE OF PROCESS
## AGAINST ZWICKER & DISCOVER

82. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "81" herein with the same force and effect as if the same were set forth at length herein.

83. For the aforesaid, Defendants ZWICKER and DISCOVER committed an abuse of process.

84. The filing of and affirmative steps taken in the state action while with knowledge of the aforesaid was intentional, wanton, malicious and with reckless disregard of the rights of Plaintiff.

## FOURTH CAUSE OF ACTION
## CONVERSION
## AGAINST RAGAN AND DISCOVER

85. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "84" herein with the same force and effect as if the same were set forth at length herein.

86. The payments made by Plaintiff to RAGAN for DISCOVER'S benefit were intended to satisfy the stipulation of settlement entered into in the original State Court action.

87. Instead, either RAGAN and/or DISCOVER have misappropriated the funds paid to RAGAN for DISCOVER and have converted same for their own use.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff KIMBERLEY MORGAN demands judgment from the Defendants RAGAN & RAGAN, P.C., ZWICKER & ASSOCIATES, P.C., & DISCOVER FINANCIAL SERVICES as follows:

    A.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

    B.    For statutory damages of $1,000.00 per Defendant provided and pursuant to 15 U.S.C. §1692k;

    C.    For damages for Breach of Contract;

    D.    For damages for Abuse of Process;

   E.  For actual damages for Conversion;

   F.  For attorneys' fees, costs and disbursements;

   G.  For an award of pre-judgment interest on all sums awarded and/or collected;

   H.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff KIMBERLEY MORGAN hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to at a jury trial.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify to my own knowledge and based upon information available to me at my office and pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Dated:  May 2, 2013

              Respectfully submitted,

              **LAW OFFICES OF ALLISON POLESKY, P.C.**

              By: _/s/ Eric M. Milner_
              Eric M. Milner, Esq., Of Counsel
              LAW OFFICES OF ALLISON POLESKY, P.C.
              75 S. Broadway, 4th Fl.
              White Plains, NY 10601
              Phone: 914-610-3207
              Facsimile: 914-610-3770
              Email: emilner@simonandmilner.com
              Attorney for the Plaintiff KIMBERLEY MORGAN